```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
DEANDRE MORRISON,                                   :
                                                    :
                              Plaintiff,            :     13 Civ. 2471 (JMF)
                                                    :
              -v-                                   :     MEMORANDUM
                                                    :     OPINION AND ORDER
DEPARTMENT OF CORRECTIONS et al.,                   :
                                                    :
                              Defendants.           :
                                                    :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/24/2014

JESSE M. FURMAN, United States District Judge:

Plaintiff DeAndre Morrison, a state prisoner proceeding *pro se*, sues the New York City Department of Correction and the New York City Board of Correction pursuant to Title 42, United States Code, Section 1983, alleging that he has been subjected to cruel and unusual punishment. (Compl. (Docket No. 2) 1, 3). Defendants now move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 8). For the reasons stated below, Defendants' unopposed motion is GRANTED.

## BACKGROUND

The following facts, which are taken from the Complaint, are assumed to be true for purposes of this motion. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 512-13 (2d Cir. 2013). Plaintiff is an inmate at the George R. Vierno Center, located on Riker's Island. (Compl. 1-2). Plaintiff alleges that his housing unit contains a surveillance camera, which has been in place since his arrival at that housing unit on February 7, 2013. (Compl. 3). Plaintiff further alleges that the camera's placement is such that it is capable of recording him and other inmates while they are naked. (*Id.*). Although Defendants installed a shower curtain capable of maintaining

Plaintiff's privacy while he is actually showering, Plaintiff alleges that it took a month and a half for the curtain to be installed, and that he must be in sight of the camera to turn on and off the shower.  (*Id.*).  Plaintiff claims that the placement of the camera "messed [him] up mentally and embarrassed [him]." (Compl. 5).  Alleging cruel and unusual punishment in violation of the Eighth Amendment, he seeks damages in the amount of $50,000.  (*Id.*).[1]

Defendants filed their motion to dismiss on August 2, 2013.  (Docket No. 8).  Thereafter, this Court issued an order setting a deadline for Plaintiff either to amend his Complaint or to oppose the motion; the order was mailed to Plaintiff's address at the GRVC.  (Docket No. 11).  The Court has not heard from Plaintiff since.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the allegations in a complaint. *See ATSI Commnc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  To survive such a motion, Plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  If the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

---

[1] As the Complaint does not specify whether Plaintiff's detention was pre- or post-trial, it is unclear whether his claims should be analyzed under the Eighth or Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (discussing the differential applicability of the two amendments).  The distinction is immaterial for purposes of this motion.

Plaintiff here proceeds *pro se*. Accordingly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court must "construe a *pro se* complaint liberally"). Nevertheless, a *pro se* plaintiff is not excused from the normal rules of pleading, and "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alteration omitted). Further, although Plaintiff has not opposed Defendants' motion, "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007). In deciding such motions, courts treat "the sufficiency of a complaint [as] a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

## DISCUSSION

Defendants move to dismiss on several grounds, but it is necessary to discuss only two here. First, Plaintiff's claims against the Department of Correction and the Board of Correction fail because, under New York law, city agencies are not suable entities. *See, e.g.*, *Tribble v. City of New York*, No. 10 Civ. 8697 (JMF), 2013 WL 69229, at *3 n.2 (S.D.N.Y. Jan. 3, 2013); *see also* N.Y.C. Charter ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). As a result, Plaintiff's claims must be, and are, dismissed as to those agencies. *See Davis v. N.Y.C. Dep't of Corr.*, No. 10 Civ. 288 (ALC), 2012 WL 4468183, at *3 (S.D.N.Y. Sept. 25, 2012).

3

Second, even if the Court were to treat Plaintiff's claims as being brought against the City of New York, which is a suable entity, *see* N.Y.C. Charter ch. 17 § 396, they would be subject to dismissal. In order to state a claim for municipal liability for unconstitutional acts by municipal employees pursuant to Section 1983, a plaintiff must allege that the violation of his constitutional rights resulted from a municipal policy, custom, or practice. *See, e.g.*, *Ortiz v. City of New York*, No 11 Civ. 7917 (JMF), 2013 WL 5339156, at *2 (S.D.N.Y. Sept. 24, 2013). Here, Plaintiff does not even include a bare allegation that the purported violation was the result of such a practice; to the extent that he does, such minimal allegations are insufficient to state a claim for municipal liability. *See, e.g.*, *Manganiello v. City of New York*, No. 07 Civ. 3644 (HB), 2008 WL 2358922, at *10 (S.D.N.Y. June 10, 2008) ("[T]he mere assertion that a municipality has . . . a policy is insufficient to establish *Monell* liability . . . ." (internal quotation marks omitted)). As a result, even if the Court were to read Plaintiff's Complaint to state claims against the City of New York, those claims must be, and are, dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' unopposed motion to dismiss is GRANTED. The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: February 24, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge